UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMES J. RICH, JR.,

        Petitioner,

  -against-

UNITED STATES OF AMERICA,

        Respondent.
-------------------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:16-CV-03247
2:12-CR-00424-1

**APPEARANCES:**

**Federal Defenders of New York**
*Attorneys for the Petitioner*
770 Federal Plaza
Central Islip, New York 11722
  By: Tracey E. Gaffey, Esq.

**United States Attorney's Office, Eastern District of New York**
*Attorneys for the Respondent*
271 Cadman Plaza East
Brooklyn, New York 11201
  By: Saritha Komatireddy, Assistant U.S. Attorney

**SPATT, District Judge.**

  On September 6, 2013, James J. Rich, Jr. (the "Petitioner") entered a guilty plea to one count of conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a). Pursuant to a Plea Agreement, the Petitioner waived his right to file an appeal or otherwise challenge his conviction or sentence via 18 U.S.C. § 2255, if the Court sentenced him to a term of imprisonment of two hundred ten (210) months or less. On February 6, 2015, the Court imposed a term of imprisonment of one hundred (100) months.

1

The Petitioner, through counsel, moved pursuant to § 2255 to vacate his sentence, arguing that his conviction categorically does not qualify as a "crime of violence" under the Sentencing Guidelines, and thus he is entitled to a reduced sentence. Subsequently, the Petitioner filed a pro se petition to vacate his sentence, raising virtually identical arguments, and additionally challenging the basis for his Career Offender designation. For the reasons set forth below, the Petitioner's motions are denied in their entirety.

## I. BACKGROUND

The Court assumes familiarity with the facts and procedural history of the case but proceeds to summarize the relevant details. Between May 17 and May 31, 2012, the Petitioner engaged in an agreement with others to rob a narcotics trafficker of illegal drugs and United States currency. (See Presentence Investigation Report ("PSR"), ¶ 1.) As a result of his conduct, the Petitioner was indicted on June 28, 2012, and charged with three counts, including Hobbs Act Robbery Conspiracy in violation of 18 U.S.C. §§ 1951(a) and 3551 ("Count One"). (See Indict., Case No. 2:12-CR-00424-ADS-GRB-1, Dkt. No. 11.) On August 29, 2013, a grand jury returned a superseding indictment, charging the Petitioner with five counts, including Hobbs Act Robbery Conspiracy in violation of 18 U.S.C. §§ 1951(a) and 3551 ("Count One"). (See Superseding Indict., Case No. 2:12-CR-00424-ADS-GRB-1, Dkt. No. 71.)

Subsequently, the Petitioner signed a Plea Agreement with the Government, agreeing to plead guilty to Count One of the superseding indictment. (See Plea Agmt., Case No. 2:12-CR-00424-ADS-GRB-1, Dkt. No. 159-1, ¶ 1.) In the Plea Agreement, the Petitioner stipulated to the Sentencing Guidelines calculations and "agree[d] not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the

2

event that the Court imposes a term of imprisonment of 210 months or below." (Plea Agmt. ¶¶ 2, 4.)

On September 6, 2013, a plea hearing took place before Magistrate Judge A. Kathleen Tomlinson, during which Judge Tomlinson confirmed that the Petitioner reviewed his Plea Agreement with his attorney and that he understood the appellate rights he forfeited by entering into the Plea Agreement. (Plea Tr., Case No. 2:12-CR-00424-ADS-GRB-1, Dkt. No. 73, 9:17-11:14.) The following exchange occurred:

| | |
|---|---|
| THE COURT: | Mr. Rich, you had an opportunity to review the Plea Agreement; is that correct? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | And you've signed the agreement; correct? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Have you had ample opportunity to discuss the terms of the Plea Agreement with Mr. Neville, your counsel? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | All right. I'm going to ask counsel for the Government now if you would, please, to list whether there is any waiver of appeal or other waivers of rights contained in the Plea Agreement. |
| MS. KOMATIREDDY: | Yes, Your Honor. The Plea Agreement contains several waivers in Paragraph 4. The first is that the defendant agrees not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. Section 2255 or any other provision the conviction or |

3

|  |  |
|---|---|
|  | section in the event that the Court imposes a term of imprisonment of 210 months or below . . . |
| THE COURT: | Thank you. Mr. Rich, you just heard the prosecutor outline the waivers that are contained in the Plea Agreement. Do you understand those waivers? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Again, have you had a chance to review them with Mr. Neville? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | You're consenting to the waivers; is that correct? |
| THE DEFENDANT: | Yes, Your Honor. |

(Plea Tr. 9:17-11:8.)

Additionally, the Petitioner unequivocally stated that he wished to plead guilty and was doing so freely and voluntarily. (Plea Tr. 16:3-16:16.) Judge Tomlinson confirmed there was a factual basis for the plea and the Petitioner engaged in a factual colloquy; the following exchange took place:

|  |  |
|---|---|
| THE COURT: | Mr. Rich, did you as charged in Count 1 of the superceding indictment on or about and between May 17th of 2012 and May 31st of 2012 here in the Eastern District of New York and elsewhere did you together with others knowingly and intentionally conspire to obstruct, delay and affect commerce and the movement of articles and commodities in commerce and here specifically the robbery of a narcotics trafficker in Suffolk County, New York? Did you do that? |

| | |
|---|---|
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Mr. Rich, I'm going to need you now if you will, please, to describe in your own words what you did in connection with the acts that are charged in Count 1 of the superceding indictment. |
| THE DEFENDANT: | I made an agreement to rob a drug trafficker for drugs and money in the Eastern District of New York on May 31, 2012. |
| THE COURT: | All right. So you made an agreement to rob this drug trafficker here in the Eastern District in Suffolk County; correct? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | And you did that on or about May 31st did you say? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | The agreement was to rob this individual of drugs and money; is that correct? |
| THE DEFENDANT: | Yes, Your Honor. |

(Plea Tr. 16:17-17:17.) Satisfied with the allocution, Judge Tomlinson recommended Judge Spatt accept the Petitioner's guilty plea. (Plea Tr. 19:22-20:5.)

Prior to the Petitioner's sentencing, the Probation Department submitted a Presentence Investigation Report ("PSR") that assigned the Petitioner a total offense level of 29, with a Criminal History Category VI. Thus his Sentencing Guidelines range was one hundred fifty one (151) to one hundred eighty eight (188) months of incarceration. (Sen. Tr., Case No. 2:12-CR-00424-ADS-GRB-1, Dkt No. 134, at 30:18-21; PSR ¶ 71.) The Petitioner was deemed a Career

Offender pursuant to United States Sentencing Guidelines § 4B1.1, as: "(1) [he] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense. (See PSR ¶ 22; U.S.S.G. § 4B1.1(a).) On February 6, 2015, this Court sentenced the Petitioner to a below guidelines term of imprisonment of one hundred (100) months, with credit for time already served, followed by three (3) years of supervised release. (Sen. Tr. 34:16-35:1.)

On June 17, 2016, the Petitioner, through counsel, filed a petition to vacate his sentence and conviction pursuant to 18 U.S.C. § 2255. In the petition, Petitioner argued that: (1) Hobbs Act Robbery Conspiracy does not satisfy the elements of a "crime of violence" under Section 4B1.2(a) of the Sentencing Guidelines; and (2) § 4B1.2(a)(2) of the Sentencing Guidelines is unconstitutionally vague following the Supreme Court's decision in Johnson v. United States, , –––U.S. ––––, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). (See Pet., Case No. 2:12-CR-00424-ADS-GRB-1, Dkt No. 146, at 5.) On June 22, 2016, the Petitioner filed a supplemental petition to vacate his conviction and sentence, assertedly acting pro se, in which he raises substantially similar arguments, adding that his Career Offender designation is in error, as his predicate convictions do not categorically qualify as "crimes of violence". (See Am. Pet., Case No. 2:12-CR-00424-ADS-GRB-1, Dkt. No. 147, at 19-28.) Respondent opposed the petition, contending inter alia, that the submission is "barred by the waiver in the defendant's plea agreement." (Resp. Opp'n Br., Case No. 2:12-CR-00424-ADS-GRB-1, Dkt. No. 159, at 3.)

## II. DISCUSSION

**A. The Legal Standard as to a Writ of Habeas Corpus Pursuant to § 2255**

28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. To obtain relief under § 2255, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citations omitted). The Supreme Court has held that "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166, 102 S. Ct. 1584, 1593, 71 L. Ed. 2d 816 (1982). The discretion to grant relief under § 2255 is to be exercised sparingly, for such applications "are in tension with society's strong interest in the finality of criminal convictions." Elize v. United States, No. 02-CV-1350 (NGG), 2008 WL 4425286, at *5 (E.D.N.Y. Sept. 30, 2008) (internal quotation marks and citation omitted); see also Brecht v. Abrahamson, 507 U.S. 619, 633-34, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993).

As the Petitioner filed a subsequent petition pro se, the Court construes this submission liberally "'to raise the strongest arguments that they suggest.'" Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). This leeway, however, does not excuse the Petitioner "'from compliance with relevant

rules of procedural and substantive law.'" Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (quoting Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. Nov. 1981) (per curiam)).

**B. As to the Petitioner's Waiver**

It is well settled that appeal waivers are presumptively enforceable. See Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) (per curiam). In other words, "[i]t is by now well established that a knowing and voluntary waiver of the right to appeal is generally enforceable." United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001); see also Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (determining that waivers of collateral attack under § 2255 are enforceable). Crucially, "[i]n no circumstance . . . may a [petitioner] who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993). However, "such waivers are strictly and narrowly construed against the government, in recognition of its greater bargaining power in negotiating and the fact that the government usually drafts plea agreements." Yushuvayev v. United States, 532 F. Supp. 2d 455, 468 (E.D.N.Y. 2008) (citing United States v. Cunningham, 292 F.3d 115, 117 (2d Cir. 2002) and United States v. Ready, 82 F.3d 551, 556 (2d Cir. 1996)).

The Second Circuit has provided narrow exceptions to the general enforceability of waivers, including:

> (1) when the waiver was not made knowingly, voluntarily, and competently, (2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, (3) when the government breached the plea agreement, or (4) when the sentencing court failed to enunciate any

8

> rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus.

Sanford, 841 F.3d at 580 (quoting United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000)).

It is of note that changes in the law do not automatically invalidate appeal waivers; "[o]n the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements." United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005). The Second Circuit has "upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the [Sentencing] Guidelines, but yet was still within the range contemplated in the plea agreement." Gomez-Perez, 215 F.3d at 319; see also United States v. Blackwell, 651 Fed. Appx. 8, 9-10 (2d Cir. 2016) (summary order) (finding that a valid appeal waiver barred a claim that a sentence was calculated in error because his predicate convictions were not "crimes of violence"); Coffield v. United States, No. 16-CV-3741(JSR)(SN), 2016 WL 8737575, at *5-6 (S.D.N.Y. Nov. 30, 2016) (declining to reach the merits of a § 2255 petition arguing his sentence was unlawfully enhanced following the Johnson decision due to the existence of a valid appeal waiver); Lombardo v. United States, Nos. 11-CR-345, 16-CV-3320 (AMD), 2016 WL 8193200, at *1-2 (E.D.N.Y. Nov. 30, 2016) (determining that an appeal waiver was enforceable notwithstanding an argument that a sentence was unconstitutional following Johnson).

As is set forth above, the Petitioner is not attacking the basis for his underlying conviction, but is exclusively attacking the validity of his sentence, arguing (1) that Hobbs Act Robbery conspiracy does not satisfy the elements of a "crime of violence" under the Sentencing Guidelines; (2) that following the Supreme Court's decision in Johnson v. United States, ⎯⎯U.S. ⎯⎯, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the identically worded U.S.S.G. § 4B1.2(a)(2)

9

was held to be unconstitutionally vague; and (3) that his sentence as a Career Offender is in error as his predicate convictions do not categorically qualify as "crimes of violence." (See Pet. at 5; Am. Pet. at 19-28.)

However, the Court need not reach the merits of these claims, as the Second Circuit has explained that valid appellate waivers will bar such claims. As discussed by the Second Circuit "'[e]ven assuming [ ] that [a defendant] was sentenced under a [Sentencing] Guidelines provision that is unconstitutional under Johnson, this Court has held that a defendant's inability to foresee a change in the law does not supply a basis for failing to enforce an appeal waiver.'" Rodgers v. United States, 709 Fed. Appx 30, 32 (2d Cir. 2017) (summary order) (quoting Sanford, 841 F.3d at 580); see also Barlow v. Killian, No. 13-CV-3710 (CBA), 2016 WL 4251049, at *2 n. 3 (E.D.N.Y. Aug. 10, 2016) (stating that an attack on a Career Offender designation pursuant to Johnson would be "foreclosed by [an] appellate waiver"); Scott v. United States, Nos. 10-CR-954(KBF), 16-CV-5127(KBF), 2016 WL 3906705, at *2 (S.D.N.Y. July 13, 2016).

Therefore, the Court will proceed to determine whether the Petitioner's appeal waiver is enforceable, noting that federal courts rely on defendants' sworn statements during guilty plea allocutions when analyzing the validity of such waivers. See Salerno v. Berbary, 389 F. Supp. 2d 480, 484 (W.D.N.Y. 2005). These sworn statements "carr[y] such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony." United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001).

In the instant case, after being sworn in, the Petitioner unequivocally stated that he had read, signed and discussed the Plea Agreement with counsel; that he understood the contents of

the Plea Agreement; and accepted its terms. (Plea Tr. 9:13-11:14.) In addition, the Petitioner makes no argument that his waiver was anything other than knowing and voluntary; nor has he demonstrated that his case falls into one of the aforementioned exceptions to the general enforceability of appellate waivers.

Accordingly, the Court finds that the Petitioner's appeal waiver was made knowingly, voluntarily, and is in full effect. As the Petitioner received the benefits of the Plea Agreement and was sentenced to a term of imprisonment within the scope of the waiver, his agreement not to challenge his conviction or sentence pursuant to § 2255 bars this collateral attack to his sentence. See Sanford, 841 F.3d at 581. As the Court finds that the Petitioner's claims are procedurally barred, the Court will not reach the merits of the claims as they are not properly before this Court.

### III. CONCLUSION

The Petitioner's motions to vacate his conviction and sentence (Dkt. Nos. 146, 147) are DENIED. The Court declines to issue a certificate of appealability because the Petitioner has not made a substantial showing that he was denied a constitutional right. See 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal of this Order would not be taken in good faith, and thus in forma pauperis status is denied for the purposes of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to the Petitioner at his place of incarceration, and upon attorney Tracey E. Gaffey, Esq. of the Federal Defenders, and close this case.

11

**SO ORDERED.**
Dated: Central Islip, New York
March 20, 2018

                                              _/s/ Arthur D. Spatt_
                                              ARTHUR D. SPATT
                                              United States District Judge